(108 App. Div. 290.)

### MEANEY v. WAY et al.

(Supreme Court, Appellate Division, First Department. November 10, 1905.)

1. SPECIFIC PERFORMANCE—SUFFICIENCY OF COMPLAINT.

　　A complaint in an action for specific performance is not objectionable, as failing to state a cause of action, although it appears therefrom that defendant has conveyed the property to another person, who is also made a party defendant; it being further alleged that the latter took his conveyance with full knowledge of plaintiff's rights.

　　[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Specific Performance, § 53.]

2. PROCESS—AFFIDAVITS FOR ORDER FOR PUBLICATION.

　　Where the proof of defendant's nonresidence consisted of several affidavits, and also of a certificate of the sheriff of the county in which the action was brought that he had made unavailing efforts to find defendant, it was sufficient to authorize the court, in the exercise of its judicial discretion, to grant an order for publication of summons.

3. SAME—VACATING ORDER FOR PUBLICATION.

　　The objection that the service of summons by publication does not confer jurisdiction on the court to compel the nonresident defendant to convey real estate situated within the state is not a question to be determined on a motion to vacate an order for service by publication; the only question to be determined being simply as to the sufficiency of the evidence before the court to make the order in an action in which, in view of all the circumstances, a judgment might be rendered affecting real estate within the state or compelling restitution of the amount paid by plaintiff.

Appeal from Special Term, New York County.

Action by Joseph J. Meaney against John T. Way, as trustee of the trusts created by the last will and testament of Thomas P. Way,

deceased, impleaded with John Renehan. From an order denying a motion to vacate an order for the service of summons by publication, defendant Way appeals. Affirmed.

Argued before O'BRIEN, P. J., and PATTERSON, CLARKE, INGRAHAM, and LAUGHLIN, JJ.

M. A. Kursheedt, for appellant.

Phineas Lewinson, for respondent.

PATTERSON, J. It appears by the complaint in this action that John T. Way, as trustee of a trust created under the will of Thomas P. Way, entered into a contract for the sale of land to the plaintiff, and received at the time the contract was made $1,000 from the plaintiff. It further appears that at the time appointed for the completion of the transaction the plaintiff attended at the place appointed and offered to comply with the other terms of the contract. The time set for the closing of the transaction was the 29th of April, 1904. On the 7th of April, 1904, John T. Way conveyed the premises to one John Renehan. It is further alleged that Renehan had knowledge of the agreement between John T. Way and the plaintiff, and the action was brought for specific performance of the contract; Way, trustee, and Renehan, being made parties defendant. John T. Way, the trustee, is a nonresident of the state of New York, and an application was made, upon due proof of his nonresidence, consisting of several affidavits and also of a certificate of the sheriff of the county of New York that he had made unavailing efforts to find John T. Way, to serve the summons by publication, and an order of publication was duly made. John T. Way specially appeared and moved to set aside the order of publication upon three grounds: First, that the complaint does not show a sufficient cause of action against the defendant Way to be served with the summons by publication; second, that the affidavits on which the order of August 11, 1905, was granted are insufficient to warrant the making of an order for the service of the summons by publication on the defendant Way; third, the service of the summons by publication does not confer jurisdiction upon the court to compel a nonresident to convey real estate located within this state.

As to the first objection, it is apparent that the complaint does show a sufficient cause of action against Way, trustee. The action is for the specific performance of a contract. The intimation is that no cause of action is alleged against the defendant Way, because it appears from the complaint that he has conveyed the property to the defendant Renehan; but it also appears that Renehan took his conveyance with full knowledge. It is competent for the court in this action to set aside the conveyance to Renehan, which would then leave an outstanding question between Way and the plaintiff as to the plaintiff's right to have specific enforcement of the contract as against Way.

As to the second objection, there is no support for the claim. The affidavits upon which the order of publication was granted were sufficient to authorize the court, in the exercise of its judicial discretion, to grant the order.

As to the third point, that the service of the summons by publication does not confer jurisdiction upon the court to compel a nonresident to

convey real estate situated within this state, that is not a subject to be mooted on this application. The question is simply as to the sufficiency of the evidence before the court to make an order of publication of a summons in an action in which, in view of all the circumstances of the case, a judgment may be rendered affecting real estate within the state, and in which a judgment may be obtained against John T. Way to return the $1,000 which had been paid to him on this contract. While the action is in form one for specific performance, yet at the same time, if for reasons appearing either from the complaint or otherwise the court shall be satisfied that specific performance cannot be decreed, it would be within its power to compel the restitution of this $1,000. We are not to consider now the sufficiency of the complaint as upon a demurrer, or what might be the result of a trial, but simply as to the nonresidence of John T. Way.

The court below was right in directing the summons to be published, and I think the order should be affirmed, with costs.

O'BRIEN, P. J., and INGRAHAM and CLARKE, JJ., concur. LAUGHLIN, J., concurs in result.