CALVIN A. LAMB, Respondent, v. S. CHENEY & SON, Appellant.

**Contract of employment — malicious interference therewith — when action can be maintained for maliciously inducing plaintiff's employee to break his contract of employment.**

1. It is a violation of legal right to interfere with contractual relations recognized by law, if there be no sufficient justification for the interference. Such an act is malicious when the thing is done with the knowledge of the rights of another and with the intent to interfere therewith. In an action to recover damages sustained by reason of a defendant inducing a third party to break his contract, the word "maliciously" should be given a liberal meaning, in which case it does not mean actual malice or ill-will, but consists in the intentional doing of a wrongful act without legal justification.

2. When one man employs a laborer, and another man, knowing of such contract of employment, entices, hires or persuades the laborer to leave the service of the first employer during the time for which he was so employed, the law gives to the party injured a right of action to recover damages.

3. Where a complaint alleges a specific contract between the employee and the employer for a definite time, allegations of defendant's knowledge thereof, that it "maliciously" induced the employee to break his contract and enter the employment of defendant, and by reason thereof damages were sustained, it states a cause of action.

Lamb v. Cheney & Son, 181 App. Div. 960, affirmed.

(Submitted October 2, 1919; decided January 6, 1920.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, entered February 1, 1918, which affirmed an

order of Special Term overruling a demurrer to the complaint.

The nature of the action, the facts, so far as material, and the question certified are stated in the opinion.

*Louis L. Waters* for appellant. The complaint is insufficient because it does not allege the defendant's willful and malicious intent and purpose to injure the plaintiff by depriving him of the employee's services as provided in the contract. (*Posner Co.* v. *Jackson,* 223 N. Y. 325; *De Jong* v. *Behrman,* 148 App. Div. 37; *Hasbrouck* v. *N. P. H. & D. Traction Co.,* 98 App. Div. 563; *Kienlo* v. *Gretsch Realty Co.,* 133 App. Div. 395; *Turner* v. *Fulcher,* 165 N. Y. Supp. 282.)

*H. W. Coley* for respondent. The common-law right of an employer to recover damages against a third person for enticing away his employee is well established. (*Lawler* v. *Fritcher,* 130 N. Y. 239; *Stewart* v. *Simpson,* 1 Wend. 378; *Haight* v. *Badgeley,* 15 Barb. 499; *Covert* v. *Gray,* 34 How. Pr. 450; *Coughey* v. *Smith,* 47 N. Y. 244; *Howard* v. *Washburne,* 3 Den. 369.) The same rule is established in other American states and in England and her provinces. (*Haskins* v. *Royster,* 70 N. C. 601; *Jester* v. *Blacker,* 43 Ga. 331; *Bixby* v. *Dunlap,* 56 N. H. 456; *Lomley* v. *Gye,* 2 El. & Bl. 216; *Frank & Dugan* v. *Clemens Herold,* 63 N. J. Eq. 443; *Noice* v. *Brown,* 39 N. J. L. 569; *Raymond* v. *Yarrington,* 96 Tex. 443; *Brown Hardware Co.* v. *Indiana Stove Co.,* 96 Tex. 453; *Bowen* v. *Hall,* 6 Q. B. Div. 333; *Quinn* v. *Leathem,* 1901, A. C. 495; *Walker* v. *Cronin,* 107 Mass. 555; *Carew* v. *Rutherford,* 106 Mass. 1.)

McLAUGHLIN, J. This action was brought to recover damages alleged to have been sustained by reason of the defendant's inducing a third party to break his contract of employment with the plaintiff. A demurrer to the complaint was overruled, an appeal taken to the Appellate

Division, third department, where the order was affirmed, two of the justices dissenting, leave then given to appeal to this court, and the following question certified: " Does the complaint state facts sufficient to constitute a cause of action? "

The complaint alleges, in substance, that prior to October, 1915, the plaintiff entered into a contract with one Bullard, by the terms of which the latter, in consideration of the payment to him of certain wages and the occupancy of a dwelling, agreed to work for plaintiff for a period of one year from October 1, 1915; that Bullard moved into the dwelling on October 1, 1915, commenced work and continued to perform his part of the contract until the latter part of June, 1916, when, without plaintiff's consent, he left and vacated the premises; that prior to the time when Bullard terminated his contract and vacated the premises, the plaintiff, ascertaining that defendant was endeavoring to induce him to break his contract and leave the employment of plaintiff, to enter the employment of defendant, notified it in writing that Bullard was in his employ under a contract which did not expire until October 1, 1916; that if defendant persisted in its efforts to and did induce Bullard to leave, plaintiff would hold defendant liable for all damages flowing therefrom; and that after the receipt of this notice, defendant " maliciously enticed, induced and procured " Bullard to leave plaintiff's employ and enter that of defendant. Then follow allegations showing the damages alleged to have been sustained by plaintiff by reason of Bullard's breaking his contract, for which judgment was demanded.

By demurring defendant admits every material allegation of the complaint, and also every fact which can fairly and legitimately be drawn therefrom. Construing the complaint in this way, I am of the opinion that it states a cause of action under the rules established by this court. (*Posner Co.* v. *Jackson,* 223 N. Y. 325; *Lawyer*

*v. Fritcher,* 130 N. Y. 239; *Rice* v. *Manley,* 66 N. Y. 82; *Caughey* v. *Smith,* 47 N. Y. 244; *Woodward* v. *Washburn,* 3 Denio, 369; *Benton* v. *Pratt,* 2 Wend. 385.) It alleges a specific contract for a definite time; defendant's knowledge thereof; that it "maliciously" induced Bullard to break his contract and enter the employment of defendant; and by reason thereof damages were sustained. This states a cause of action not only under the authorities cited, but so far as I have been able to discover, under the rule laid down in the Federal courts, the other states, and in England. Such rule is that if one maliciously interferes with a contract between two parties, and induces one of them to break that contract, to the injury of the other, the party injured can maintain an action against the wrongdoer. (*Angle* v. *Chicago, St. Paul, M. & O. Ry. Co.,* 151 U. S. 1, 13; *Truax* v. *Raich,* 239 U. S. 33, 38; *Hitchman C. & C. Co.* v. *Mitchell,* 245 U. S. 229, 252; *Walker* v. *Cronin,* 107 Mass. 555, 567; *Berry* v. *Donovan,* 188 Mass. 353; *McGurk* v. *Cronenwett,* 199 Mass. 457, 461; *Comellier* v. *Haverhill Shoe Mfrs. Assn.,* 221 Mass. 554, 559; *Brennan* v. *United Hatters,* 73 N. J. L. 729; *Kock* v. *Burgess,* 167 Ia. 727, 733; *Cumberland Glass Mfg. Co.* v. *De Witt,* 120 Md. 387, 392; *Thacker Coal Co.* v. *Burke,* 59 W. Va. 253, 255; *Bixby* v. *Dunlap,* 56 N. H. 456; *Employing Printers' Club* v. *Dr. Blosser Co.,* 122 Ga. 518; *Quinn* v. *Leathem,* 1901, A. C. 495, 510; *Lumley* v. *Gye,* 2 E. & B. 216; *Glamorgan Coal Co.* v. *South Wales Miners Fed.,* 1903, 2 K. B. 545, 573; *Read* v. *Friendly Soc.,* 1902, 2 K. B. 732, 739.) This is also the rule laid down by many of the text writers. (Pollock on Torts [10th ed.], p. 343; Anson on Contracts, p. 276; Wood on Master & Servant, secs. 230, 231; Schouler on Domestic Relations, sec. 487; Hammon on Contracts, sec. 350.)

What was said by EVANS, J., in *Employing Printers' Co.* v. *Dr. Blosser Co.* (*supra*) is quite applicable to the facts set out in the complaint under consideration. He said: "In this state it has been held that when one man

employs a laborer to work on his farm; and another man knowing of such contract of employment, entices, hires or persuades the laborer to leave the service of the first employer during the time for which he was so employed, the law gives to the party injured a right of action to recover damages."

The word " maliciously " is defined in Bouvier's Law Dictionary (Rawle 3d ed.) as meaning " with deliberate intent to injure." In actions of this character the word should be given a liberal meaning. The act is malicious when the thing done is with the knowledge of plaintiff's rights and with the intent to interfere therewith. In a legal sense it means a wrongful act, done intentionally, without just cause or excuse. (*Mogul Steamship Co.* v. *McGregor,* 23 Q. B. D. 598.) It does not mean actual malice or ill-will, but consists in the intentional doing of a wrongful act without legal justification. (*Cumberland Glass Mfg. Co.* v. *De Witt, supra.*) The gist of the action is not the intent to injure, but to interfere without justification with plaintiff's contractual rights with knowledge thereof; or, as was very tersely stated by Lord MACNAGHTEN in *Quinn* v. *Leathem* (*supra*), where he said, referring to *Lumley* v. *Gye* (*supra*): " Speaking for myself, I have no hesitation in saying that I think the decision was right, not on the ground of malicious intention,— that was not, I think, the gist of the action,— but on the ground that a violation of legal right committed knowingly is a cause of action, and that it is a violation of legal right to interfere with contractual relations recognized by law if there be no sufficient justification for the interference."

Upon reason and authority, therefore, I am of the opinion that the facts set out in the complaint state a good cause of action. Such facts show an unwarranted interference with the plaintiff's contract with Bullard, and the former, having sustained damage by reason of such interference, can maintain an action therefor.

The order appealed from, therefore, should be affirmed, with costs, and defendant permitted to withdraw its demurrer and answer, within twenty days, on payment of costs. The question certified is answered in the affirmative.

HISCOCK, Ch. J., CHASE, CARDOZO, POUND and ANDREWS, JJ., concur; HOGAN, J., not voting.

Order affirmed.