CHARLES M. CAMPBELL, Respondent, *v.* MOODY B. GATES, Appellant.

**Contract — interference by third party — when action may be maintained against one who with knowledge of a contract induces a party thereto to break it.**

1. Where A has a legal contract with B, either for the rendition of service or any other purpose, and C, having knowledge of the existence thereof, intentionally and knowingly and without reasonable justification or excuse induces B to break the contract, by reason of which A sustains damage, an action will lie by A against C to recover the same. (*Lamb* v. *Cheney & Son*, 227 N. Y. 418, explained and followed.)

2. A complaint alleging that plaintiff and another, whose services were unique by reason of experience and skill, had entered into a written contract to co-operate in the publication of a magazine and that defendant, with notice of the said contract, intentionally and maliciously induced said other to violate, repudiate and break his agreement with the plaintiff and refuse to proceed further thereunder, by reason of which plaintiff had sustained damage, states a cause of action.

*Campbell* v. *Gates*, 206 App. Div. 684, affirmed.

(Argued October 3, 1923; decided November 20, 1923.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial depart-

ment, entered May 4, 1923, which affirmed an order of Special Term denying a motion by defendant for dismissal of the complaint.

The following question was certified:

"Does the complaint herein state facts sufficient to constitute a cause of action?"

*Theodore F. Humphrey* and *Charles C. Hoge* for appellant. The motion for judgment dismissing the complaint herein should have been granted on the ground that it appears upon the face of the complaint that the complaint does not state facts sufficient to constitute a cause of action. (*De Jong* v. *Behrman Co.*, 148 App. Div. 37; *Ashley* v. *Dixon*, 48 N. Y. 430; *Posner* v. *Jackson*, 223 N. Y. 325; *Beatty* v. *Guggenheim*, 223 N. Y. 294; *New York Bank Note Co.* v. *Hamilton Co.*, 180 N. Y. 280; *Guida* v. *Pontrelli*, 114 Misc. Rep. 181; *Glamorgan Coal Co.* v. *S. W. M. Federation*, 1 K. B. 118; *Allen* v. *Flood*, 1898 App. Cas. 1; *Bowen* v. *Hall*, 6 Q. B. D. 333.).

*Arthur Garfield Hays* and *John Schulman* for respondent. The facts alleged are sufficient to constitute a cause of action. (*Lamb* v. *Cheney*, 227 N. Y. 418; *Posner* v. *Jackson*, 223 N. Y. 325; *Beatty* v. *Guggenheim Co.*, 223 N. Y. 294; *Schlesinger* v. *Quinto*, 201 App. Div. 487; *Angle* v. *Chicago, St. Paul, M. & O. R. R. Co.*, 151 U. S. 1; *Kock* v. *Burgess*, 167 Iowa, 727; *Cumberland Glass Mfg. Co.* v. *De Witt*, 120 Md. 381; *Gonzales* v. *Kentucky Derby Co.*, 233 N. Y. 607; *Raymond* v. *Yarrington*, 96 Texas, 443; *Wheeler Stenzel Co.* v. *American Window Glass Co.*, 202 Mass. 471; *Twitchell* v. *Nelson*, 126 Minn. 423; *Faunce* v. *Searles*, 122 Minn. 343.)

MCLAUGHLIN, J. This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the defendant's inducing a third party to break a contract with plaintiff. The complaint alleges that the plaintiff and one McClure entered into a written

agreement, for a good and valuable consideration, to co-operate in establishing, organizing and publishing a magazine; that McClure, whose services were unique by reason of his experience and skill in administrative and editorial capacities, was to devote his time to the work of organizing and subsequently to the publishing of the magazine; that plaintiff, on his part, was to interest capital in support of the project, which originally was $200,000, but which by subsequent agreement was reduced to $50,000; it then alleges that defendant had due notice and knowledge of the contract between plaintiff and McClure, but notwithstanding that fact, he " wrongfully, knowingly, intentionally and maliciously induced, persuaded and procured said McClure to violate, repudiate and break his said agreement with the plaintiff and refuse to proceed further thereunder," and by reason of that fact plaintiff had sustained a specified amount of damage, for which judgment was demanded  Defendant moved for judgment dismissing complaint, on the ground that it did not state facts sufficient to constitute a cause of action.  The motion was denied and an appeal taken to the Appellate Division from the order denying such motion, where the same was affirmed (one of the justices dissenting) on the authority of *Lamb* v. *Cheney & Son* (227 N. Y. 418).  Leave was given to appeal to this court and the following question certified: " Does the complaint herein state facts sufficient to constitute a cause of action? "

I am of the opinion the complaint states a cause of action and that the rule laid down in *Lamb* v. *Cheney & Son* (*supra*) applies, at least in principle.  It is true the action there was brought to recover damages alleged to have been sustained by defendant's inducing an employee of plaintiff to leave his service.  It was not the intention of the writer of that opinion to limit what was said simply to contracts relating to services; on the contrary, the intention was to state a general rule applicable to all

**460** CAMPBELL *v.* GATES.

contracts. Inasmuch as there seems to be some misunderstanding as to the application of that rule, it may not be out of place to add a word for the purpose of clarifying the situation.

The great weight of authority in this country and in England is to the effect that if A has a legal contract with B, either for the rendition of service or any other purpose, and C, having knowledge of the existence thereof, intentionally and knowingly and without reasonable justification or excuse induces B to break the contract, by reason of which A sustains damage, an action will lie by A against C to recover the same. (See authorities cited in *Lamb* v. *Cheney & Son, supra.*) The action of C is malicious in that with the knowledge of A's rights, he intentionally and knowingly and for unworthy or selfish purposes, destroys them by inducing B to break his contract. It is a wrongful act, done intentionally, without just cause or excuse, and from this a malicious motive is to be inferred. This does not necessarily mean actual malice or ill-will, but the intentional doing of a wrongful act without legal or social justification. The action is predicated not on the intent to injure, but on the intentional interference, without justification, with A's contractual rights, with knowledge thereof. It is a legal wrong and one who commits it, if damage be sustained, must answer therefor. The writer of this opinion had supposed that this was to be at least inferred from what was said in the opinion in *Lamb* v. *Cheney & Son* (*supra*).

The order appealed from, therefore, should be affirmed, with costs, and the question certified answered in the affirmative.

Hiscock, Ch. J., Hogan, Cardozo, Pound, Crane and Andrews, JJ., concur.

Order affirmed.