EDWARD HANSEN, Appellant, *v.* DUDLEY T. HUMPHREY, Respondent, Impleaded with EDGAR R. CURTIS, Defendant.

Third Department, November 11, 1926.

**Vendor and purchaser — action by purchaser of farm to recover damages from vendor and from one who purchased farm after contract was made with plaintiff — allegations of fraud — no allegation or proof that respondent intentionally and knowingly and without reasonable justification induced vendor to break contract with plaintiff — mere fact that deed was given to respondent does not establish cause of action — respondent, knowing of plaintiff's contract, could have been compelled to perform — evidence did not justify submitting question to jury.**

This action was commenced to recover damages for alleged wrongful interference by the respondent with a contract between the plaintiff and the owner of a farm for the purchase of the farm by the plaintiff. The complaint alleges that after the contract was made by the plaintiff for the purchase of the farm, the owner was induced by the wrongful act of the respondent to deed the farm to the respondent in fraud of the rights of the plaintiff and to his damage, and that the deed was executed to the respondent with the knowledge on the part of the respondent of the existence of plaintiff's contract. The complaint is insufficient to state a cause of action based on fraud or wrongful inducement, inasmuch as it contains no direct allegation that the respondent intentionally and knowingly and without reasonable justification induced the owner to break his contract with the plaintiff. The evidence goes no further than the complaint, and, therefore, the plaintiff was not entitled to recover and the action of the court in dismissing the complaint at the close of the plaintiff's case was proper.

The plaintiff had a remedy, which was to sue the owner and the respondent to compel specific performance of the agreement, for the respondent, knowing of the contract, took his deed subject to all the rights of the plaintiff under the contract. The mere fact that the owner deeded the property to the respondent does not establish a cause of action against the defendant.

APPEAL by the plaintiff, Edward Hansen, from an order of the Supreme Court, made at the Rensselaer Trial Term and entered in the office of the clerk of the county of Rensselaer on the 12th day of May, 1926, upon the dismissal of the complaint at the close of plaintiff's case as to the defendant Dudley T. Humphrey, and also from a judgment entered in said clerk's office on the 8th day of May, 1926, in pursuance of said order.

In the complaint is alleged the contract in and by which defendant Curtis agreed to convey to plaintiff his farm; that plaintiff had performed all the conditions of the contract by him to be performed; that defendant Curtis thereafter sold the farm to defendant Humphrey without notice to plaintiff and without his consent in contravention of the terms of the contract; that Humphrey had knowledge of the contract at the time he accepted the deed; that prior thereto Humphrey had offered to plaintiff a considerable sum of money if plaintiff would assign or transfer his contract to Humphrey; that the conveyance by Curtis to Humphrey " was in fraud of the rights of this plaintiff and to the damage of plaintiff in the sum of Five hundred ($500.00) dollars; " that by reason of this wrongful act the defendants caused plaintiff to lose the benefits and profit of his contract with Curtis; that Curtis and Humphrey acted in concert in depriving plaintiff of the use and value of the farm and are now acting in concert to prevent plaintiff from securing his just damages by some secret or hidden arrangement between them by reason of the fact that Curtis, on September ninth following, caused to be served on plaintiff a notice that plaintiff must take the farm by September 15, 1925, or Curtis would retain and keep plaintiff's fifty dollars; that the plaintiff, after being notified by Curtis that he had sold the farm, made other and different arrangements and said farm and the conditions with reference thereto have now materially changed so far as plaintiff is concerned; and that plaintiff believes that Humphrey and Curtis conspired to defraud him of his profits.

*John F. Murray* [*William H. Murray* of counsel], for the appellant.

*Murphy, Aldrich & Guy* [*Thomas H. Guy* and *John H. Broderick* of counsel], for the respondent.

VAN KIRK, J. On May 16, 1925, plaintiff contracted orally with defendant Curtis to purchase from him a farm for $1,100. The only writing was the receipt given by Curtis to plaintiff as follows: " Rec'd of Edward Hansen the sum of $50 fifty dollars as a part of the purchase price of my farm which is $1100 dollars. Edgar R. Curtis." Later the time for performance of the contract was fixed for July third following. Without notice to plaintiff Curtis executed and delivered a deed of the farm to defendant Humphrey on June 17, 1925. Plaintiff, in September, 1925, brought this action to recover damages which he claims to have suffered thereby. When the case was called for trial defendant Curtis defaulted and the jury found a verdict against him in favor of the plaintiff in the sum of $500. The appeal is from the judgment dismissing the complaint against defendant Humphrey on the ground that plaintiff has failed to prove the cause of action alleged in the

complaint and in fact has failed to prove any cause of action against this defendant. The plaintiff rests his case upon the rule stated in *Campbell* v. *Gates* (236 N. Y. 457), in which the court said: " This action was brought to recover damages alleged to have been sustained by the plaintiff by reason of the defendant's inducing a third party to break a contract with plaintiff," and states the rule as follows (p. 460): " The great weight of authority in this country and in England is to the effect that if A has a legal contract with B, either for the rendition of service or any other purpose, and C, having knowledge of the existence thereof, intentionally and knowingly and without reasonable justification or excuse induces B to break the contract, by reason of which A sustains damage, an action will lie by A against C to recover the same. (See authorities cited in *Lamb* v. *Cheney & Son,* 227 N. Y. 418.) The action of C is malicious in that with the knowledge of A's rights, he intentionally and knowingly and for unworthy or selfish purposes, destroys them by inducing B to break his contract. It is a wrongful act, done intentionally, without just cause or excuse, and from this a malicious motive is to be inferred."

First we observe that, in a complaint which attempts to base a cause of action on fraud or wrongful inducement, allegations that there was a conspiracy or concerted action to commit the wrong add nothing to the substantial ground of the action. Proof of the conspiracy is only important to connect a defendant with the transaction and to charge him with the acts and declarations of his coconspirators, where otherwise he could not have been implicated. (*Brackett* v. *Griswold,* 112 N. Y. 454.) Also we observe that, while fraud is charged in the present complaint, no fraudulent act is set forth, except the conveyance of the property to Humphrey. Nor is there any direct allegation in the complaint that the defendant Humphrey intentionally and knowingly and without reasonable justification induced defendant Curtis to break his contract with plaintiff, or an equivalent of such an allegation.

The evidence presented does not go beyond the naked allegations of the complaint. We think the complaint fails to establish any cause of action against Humphrey. The fact that the deed was given by Curtis to Humphrey does not tend to establish such a cause of action. It may be conceded that plaintiff could consider this conveyance a breach of the contract by Curtis and refuse to perform (*Smith* v. *Rogers,* 42 Hun, 110), but it is the fact that he could likewise on his part perform and require performance by Curtis and by Humphrey as well; since, if Humphrey knew of the contract, he took the deed subject to all the rights of plaintiff under that contract. (*James* v. *Burchell,* 82 N. Y. 108, 113.) The conveyance

by Curtis did not put the farm beyond the reach of plaintiff. (*Meaney* v. *Way,* 108 App. Div. 290.) If plaintiff had made a demand upon them for performance and tendered performance on his part, and thereupon Curtis and Humphrey had refused to perform, we should then have a case more similar to *Campbell* v. *Gates,* where the breach of the contract was absolute and the loss of valuable services was the necessary consequence and it could be argued that the deed was given to deprive plaintiff of the benefit of his contract. But plaintiff made no such demand upon or tender to either defendant. He never saw Humphrey after the latter offered to buy plaintiff's bargain with Curtis and he never saw Curtis after they fixed the due date of their contract. No wrong intent upon the part of Curtis and Humphrey can be inferred solely from the execution and delivery of the deed. Beyond this act there is no proof of what occurred between Curtis and Humphrey, or of the intention of Curtis and Humphrey in giving and receiving the deed; no conversations between them and no admissions by either of them are related; there is nothing to indicate that Humphrey induced Curtis to deed the farm to him and there is nothing to indicate that Humphrey did not intend to recognize plaintiff's right to have performance of his contract with Curtis. There is no evidence that Humphrey first approached Curtis. So far as the evidence goes it may be that Curtis desired to sell his farm and get his money therefor; that he had not confidence in plaintiff's financial ability to perform; that he learned of Humphrey's desire to buy the farm and conveyed to him with the understanding between them that, if plaintiff performed, he should have his deed. The evidence does not at all dispute this supposed inference; indeed, plaintiff's allegation that Curtis demanded that he perform on or before September 15, 1925, lends support to this inference.

The question of fact which plaintiff thinks should have been submitted to the jury is, Did Humphrey intentionally and knowingly and without justification induce Curtis to sell the farm to him? We think, as appears above, that there was no evidence upon which a jury would be justified in answering that question in the affirmative.

The order and judgment dismissing the complaint should be affirmed, with costs to the defendant Humphrey.

Order and judgment unanimously affirmed, with costs to the defendant Humphrey.