PETER AXELRAD, Respondent, *v.* 77 PARK AVENUE CORPORATION and Another, Appellants, Impleaded with BENJAMIN WINTER and Others, Defendants.

First Department, April 5, 1929.

*I. Gainsburg,* for the appellants.

*Milton C. Weisman* of counsel [*Abraham Green* with him on the brief; *Milton C. Weisman,* attorney], for the respondent.

O'MALLEY, J. The four causes of action set forth were attacked by each of the appealing defendants. The order appealed from sustained all four as against the defendant 77 Park Avenue Corporation, and in effect dismissed all as against the defendant Max Cohen. With respect to the fourth cause as against Cohen the plaintiff was given an election to plead over, failing which, this cause was also to be dismissed.

We take a different view from that of the learned justice at Special Term and hold that the second and fourth causes are sufficient as

against the appealing corporate defendant, and that the fourth is sufficient as to the defendant Cohen. Our reasons for thus modifying the decision will be stated as concisely as the pleading will permit.

The plaintiff is a licensed real estate broker and is seeking compensation for services alleged to have been performed in connection with the sale of property owned by the 77 Park Avenue Corporation (hereinafter designated owner), of which the defendant Cohen was the principal stockholder. Three additional defendants, namely, Benjamin Winter, Benjamin Winter Corporation and Hamilton Realty Corporation, are made parties.

The first cause of action alleges in paragraph "ninth," plaintiff's employment by the owner as broker to sell or obtain a purchaser for property owned by the latter, and its promise to pay, in the event that sale should be made to any purchaser produced by the plaintiff, the usual and customary brokerage commissions; also a promise to pay such commissions in the event the plaintiff produced a customer ready, able and willing to purchase on the owner's terms. It is then alleged the plaintiff submitted the property to the defendant Winter and the Winter Corporation, and communicated such fact to the owner. Nothing further is alleged to have been done by the plaintiff either affirmatively or by way of refraining from further endeavors to produce a purchaser ready, able and willing.

In the 11th paragraph it is alleged that after the plaintiff produced Winter and the Winter Corporation the owner promised to pay him the usual commissions if the property was sold either to Winter or to the Winter Corporation or to any corporation in which Winter was interested or which he controlled. Then follows the allegation that thereafter the defendant Hamilton Realty Corporation, owned and controlled by Winter, made an agreement to purchase the property from the owner and did purchase it for $2,400,000 before the commencement of the action. Upon this state of facts the plaintiff alleges he is entitled to the usual commission of $24,600.

It is to be observed that two promises on behalf of the owner are set forth, one in paragraph 9th and the other in paragraph "eleventh." Clearly the plaintiff did not perform with respect to the first promise, as he did not obtain a purchaser to whom the property was sold, nor one ready, able and willing to purchase on the owner's terms. Nor did he produce the actual purchaser, the Hamilton Realty Corporation. He relies simply upon the fact that, after he introduced his proposed purchaser, the defendant Winter, or the Winter Corporation, the owner agreed to pay him

commissions in the event that the sale was made to either one of such defendants or to any corporation owned and controlled by the defendant Winter. No consideration with respect to this promise is pleaded. If it be contended that the consideration consisted of service already performed in interesting Winter and the Winter Corporation, such would not support a valid contract, inasmuch as it would be a past consideration. The plaintiff perhaps might have pleaded a good cause of action if he had alleged either that he had interested the defendant Hamilton Corporation in the project, or, if after introducing Winter and the Winter Corporation, he had agreed to refrain from further efforts at the request of the owner; or if he had pleaded sufficiently that the Hamilton Corporation was a dummy either for Winter or the Winter Corporation and was not a true and separate corporate entity. In this view the first cause of action as against the appealing corporate defendant must be dismissed.

In our view the second cause of action is sufficient. It alleges an agreement on the part of the owner to pay plaintiff the usual brokerage commissions if he would produce a purchaser ready, able and willing. The complaint alleges the production of Winter and the Winter Corporation, who were ready, able and willing to purchase, and who in fact entered into an agreement to purchase. The only attack made on this cause is that it fails to allege the purchase price and the rate of commission. By reference, however, this cause incorporates paragraphs 15 and 16 of the first cause of action, which are to the effect that by reason of the premises, the owner became indebted to the plaintiff in the sum of $24,600, which sum, though duly demanded, has not been paid. It was not necessary for plaintiff to allege his method of computing damages, but to show merely a contract, a breach thereof, and to make general allegation of damages. This cause of action is, therefore, sufficient.

The third cause realleges by reference the material allegations of the first cause and further states that in and by the contract or agreement for purchase and sale of the property, the defendants Winter, Winter Corporation and Hamilton Realty Corporation agreed with the owner, for a valid consideration, that such defendants would pay plaintiff his commissions. A promise by these defendants, though made with the owner, might well be enforcible by the plaintiff under the principles of *Lawrence* v. *Fox* (20 N. Y. 268), provided the first cause of action was sufficient. Inasmuch, however, as the first cause is insufficient for the reasons heretofore indicated, the third cause falls and the order must be reversed in respect to it.

The fourth cause reiterates by reference the material terms of

the first and second causes. As already appears, the second cause is sufficient, as it sets forth a valid contract of employment, and the procurement of a purchaser ready, able and willing to purchase on the owner's terms and the owner's breach by reason of its refusal to pay commissions.

The fourth cause proceeds to allege that after the terms of the proposed sale had been agreed upon, all of the defendants, for the purpose of defrauding the plaintiff of his commissions, maliciously and wrongfully conspired with the knowledge of plaintiff's rights and for the purpose of defrauding him thereof; that in pursuance of such conspiracy, the defendants Winter and Winter Corporation, " with the knowledge, connivance, acquiescence and active participation of the defendants Max Cohen " and the owner, produced the Hamilton Realty Corporation, a dummy corporation, in order to deprive the plaintiff of his lawful commissions. The defendant Cohen having conspired and actively participated with the other defendants in causing a breach of plaintiff's contract, of which he had knowledge, would be liable as a tort feasor. (*Campbell* v. *Gates*, 236 N. Y. 457; *Lamb* v. *Cheney & Son*, 227 id. 418.)

As this cause of action in tort arises out of the same transaction, it is properly united with the contract action.

Inasmuch as the plaintiff has not appealed from so much of the order as holds the fourth cause of action insufficient, we may not reverse in this respect.

It follows that the order should be modified by striking out the provisions dismissing the motion as to the defendant 77 Park Avenue Corporation, and by granting the motion to dismiss the second and third causes of action as to said defendant, and as so modified affirmed, without costs, with leave to the plaintiff to serve an amended complaint within twenty days, and with further leave to reiterate in said amended complaint, if so served, the fourth cause of action as already pleaded.

DOWLING, P. J., FINCH, McAVOY and MARTIN, JJ., concur.

Order modified as indicated in opinion, and as so modified affirmed, without costs, with leave to plaintiff to serve an amended complaint within twenty days from service of order with notice of entry thereof, and with further leave to plaintiff to reiterate in said amended complaint, if so served, the fourth cause of action as already pleaded.