ATBROOK SERVICE CORPORATION, Appellant, *v.* SINCLAIR REFINING COMPANY, Respondent.

First Department, February 2, 1934.

*Sidney L. Krakower* of counsel [*Carl Polakoff* with him on the brief; *Sidney L. Krakower*, attorney], for the appellant.

*Joseph P. Walsh*, for the respondent.

O'MALLEY, J. Does the complaint set forth sufficient facts to establish a cause of action for the wrongful inducement of a breach of a contract between the plaintiff and a third party?

Its allegations so far as material show that the plaintiff and the Shell Eastern Petroleum Products, Inc., on June 7, 1932, entered into a one-year agreement whereby the Shell company agreed to furnish, sell and deliver to the plaintiff at the prevailing prices charged in Kings county, New York city, the entire requirements of plaintiff for gasoline, motor oils and greases, and the plaintiff agreed to purchase such requirements and to pay therefor the prevailing prices of the Shell company in such locality.

It is further pleaded:

"*Fourth.* Upon information and belief, that thereafter, the defendant, knowing of the aforesaid agreement between plaintiff

and the Shell Eastern Petroleum Products, Inc., wrongfully, knowingly, intentionally, maliciously and without reasonable justification or excuse, notified the Shell Eastern Petroleum Products, Inc., that the aforesaid agreement between the Shell Eastern Petroleum Products, Inc., and plaintiff was terminated and at an end and directed the Shell Eastern Petroleum Products, Inc., to remove its gasoline tanks, pumps and property from the premises of the plaintiff.

"*Fifth.* Upon information and belief, that as a result of the aforesaid wrongful and illegal acts of the defendant, the Shell Eastern Petroleum Products, Inc., was induced and persuaded by defendant to violate and breach its aforesaid agreement with plaintiff, and the Shell Eastern Petroleum Products, Inc., failed and refused to furnish, deliver and sell its gasoline, motor oils and greases to plaintiff, at the prevailing prices charged by Shell Eastern Petroleum Products, Inc., in the county of Kings, but in fact charged the plaintiff more than the prevailing prices charged by the Shell Eastern Petroleum Products, Inc., throughout the said county of Kings for the gasoline, motor oils and greases sold and delivered by Shell Eastern Petroleum Products, Inc., to the plaintiff."

It is conceded that the cause of action sought to be pleaded is now recognized and definitely established. (*Lamb* v. *Cheney & Son*, 227 N. Y. 418; *Campbell* v. *Gates*, 236 id. 457; *Hornstein* v. *Podwitz*, 254 id. 443; *Reiner* v. *North American Newspaper Alliance*, 259 id. 250.)

The contention of the defendant, sustained at Special Term, is that the allegations of paragraph fourth of the complaint are mere conclusions of law rather than ultimate facts, and that there is nothing to show the matter alleged had any effect on the contract, or that the Shell company paid any attention to the notice sent it by the defendant.

This argument fails to take into consideration the allegations of paragraph fifth which clearly are to the effect that as a result of the alleged wrongful and illegal acts the Shell company was induced and persuaded by the defendant to violate and breach its agreement with the plaintiff in the manner specified therein.

An examination of the record on appeal in *Campbell* v. *Gates* (*supra*) discloses that the allegations of the gravamen of the action there pleaded (paragraphs fifth and sixth) were no more replete than the allegations of the complaint under consideration.

In our opinion, therefore, the complaint sets forth sufficient facts to show that this defendant wrongfully induced the breach of plaintiff's contract with the Shell company.

It follows that the order appealed from should be reversed, with twenty dollars costs and disbursements, and the motion to dismiss the complaint for insufficiency denied, with ten dollars costs, with leave to the defendant to answer within twenty days after service of order, with notice of entry, upon payment of said costs.

Finch, P. J., Merrell and Martin, JJ., concur.

Order reversed, with twenty dollars costs and disbursements, and motion denied, with ten dollars costs, with leave to the defendant to answer within twenty days from service of order, upon payment of said costs.