GENERAL OUT DOOR ADVERTISING COMPANY, Plaintiff, *v.* SIDNEY J. HAMILTON, SR., Defendant.

Supreme Court, New York County, March 5, 1935.

*Thomas J. O' Neill*, for the plaintiff.

*George J. Langley*, for the defendant.

COLLINS, J. This motion by the defendant to dismiss the complaint as legally insufficient presents the mooted question whether the defendant can be held liable in damages for achieving the cancellation of a contract between the plaintiff and P. Lorillard & Co., which contract gave Lorillard the privilege of canceling on ninety days' notice.

The defendant maintains that it cannot be chargeable with having brought about a rightful result though unlawful means were practiced to accomplish the result.

The complaint charges that the defendant " wrongfully, knowingly, intentionally, fraudulently, maliciously, and without justification or excuse, communicated with the officers and employees of P. Lorillard & Co. and by false statements and unfair means induced P. Lorillard & Co. to cancel the said contracts."

The tendency has been to enlarge rather than restrict the landmark doctrine of *Lumley* v. *Gye* (2 El. & Bl. 216); *Campbell* v. *Gates* (236 N. Y. 457); *Lamb* v. *Cheney & Son* (227 id. 418). The mere fact that the contract caused to be withdrawn from the wronged party was one cancelable on ninety days' notice does not seem to me to grant immunity to the actor who effected the withdrawal. It sufficiently appears here that had the defendant not interfered with the contract between the plaintiff and Lorillard, such contract would have persisted.

The defendant's retort that Lorillard had the right to cancel does not excuse his conduct in effecting the cancellation, if such behavior constituted " false statements and unfair means." (*Peerless Pattern Co.* v. *Pictorial Review Co.*, 147 App. Div. 715; *Rice*

v. *Manley,* 66 N. Y. 82.)   The plaintiff here says that but for the fraudulent conduct of the defendant it would have continued to reap the benefits of the contract.   Had the defendant done nothing more than offer inducements to Lorillard, defendant could not be held liable for the persuasiveness of his efforts. · (*Beardsley* v. *Kilmer,* 236 N. Y. 80.)   But when he produces a cancellation by *fraud,* and it is claimed that the cancellation would not have otherwise resulted, such conduct is wrongful and the defendant should be answerable therefor.   Let it be emphasized that we are dealing with pleading, not proof.   Ultimate facts have been averred; if a particularization is desired, resort may be had to a bill of particulars.

I hold that the complaint states a good cause of action and, accordingly, deny the motion.