In the Matter of 16 COURT STREET, INC., Respondent. HETKIN, JERVIS & HETKIN et al., Appellants; CONTINENTAL BANK & TRUST COMPANY OF NEW YORK, as Trustee, Respondent.— In a reorganization proceeding under section 120-a of the Real Property Law, the court awarded certain fees, allowances, compensation and counsel fees. The Bondholders' Protective Committee and others appeal. Order modified on the law and the facts by increasing the amount allowed to Hetkin, Jervis & Hetkin, attorneys for bondholders, for their services and disbursements, from the sum of $7,445.67 to the sum of $12,445.67. As thus modified, the order, insofar as appealed from, is affirmed, without costs. In view of the services rendered and the result accomplished, we are of opinion that the award to attorneys for the bondholders for their services and disbursements should be increased to the sum of $12,445.67. Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.

ROBERT G. KRAMER, Respondent, v. ELLA HUBBELL et al., Copartners Doing Business as THE CONVALITE COMPANY, et al., Appellants, et al., Defendants.— In an action to recover damages for breach of contract, for wrongfully inducing the breach, and for unfair competition, order denying appellants' motion to strike out certain allegations of the second amended complaint and for a separate trial of the three causes ·of action contained therein, modified on the law by striking out the words " in all respects denied " and by inserting in place thereof a clause granting the said motion to the extent of striking out the paragraph of the second amended complaint numbered " Twenty-second ". As so modified, the order is affirmed, without costs. The " Twenty-second " paragraph is pleaded as part of the second cause of action, which alleges that the appellants Sidney G. Hubbell and Robert M. Miller and the defendant Almo Trading & Importing Co., Inc., strangers to the contract between plaintiff and appellants Ella Hubbell and Victoria Miller, wrongfully induced appellants last named to breach their contract with plaintiff. That paragraph alleges that " the defendants Ella Hubbell and Victoria Miller, doing business as The Convalite Company, are insolvent and/or unable to satisfy such judgment as plaintiff might recover herein for damages for breach of the aforesaid contract." That allegation, aside from being objectionable in form (*Becker* v. *Burkes*, 262 App. Div. 893), is not necessary or proper as part of the second cause of action, as the complaint does not allege that the appellants Sidney G. Hubbell and Robert M. Miller are or were agents or employees of the coappellants who allegedly breached the agreement; nor does it make any claim against the latter appellants in connection with the second cause of action. (Cf. *Campbell* v. *Gates*, 236 N. Y. 457.) Lewis, P. J., Hagarty, Carswell, Johnston and Adel, JJ., concur.