Benjamin Brenner, J.
Defendants move to dismiss the complaint for insufficiency under rule 106 of the Buies of Civil Practice.
The action is brought to impress a trust upon real property and to cancel and discharge of record the deed conveying same by the father of the plaintiff to the sister of the plaintiff, hereinafter referred to as “defendant-father” and “defendant-sister ’ ’ respectively, or, in the alternative, to direct a conveyance to the plaintiff of a one-half interest to which plaintiff claims title under a contract with defendant-father that the latter retain title until his death, at which time the £ £ said real property would be conveyed to the plaintiff and her sister.”
Defendants urge two grounds for dismissal. It is claimed that the action is premature in that the plaintiff in her own complaint alleges that she was not to receive her one-half interest until the death of her father and that the complaint 1 ‘ is replete with conclusions ’ ’ which £ £ are not supported by any allegations of fact.”
The material facts alleged are the contract with the defendant-father and its breach by reason of the conveyance; knowledge of the terms of the agreement by defendant-sister, a party in interest; that no consideration was paid for such conveyance; the recording of same; that defendant-father was senile and irrational when the deed was executed; that the defendant-sister and her defendant-husband prevented plaintiff and other named relatives from visiting and speaking to the defendant-father (characterized as being in furtherance of their “fraudulent conspiracy * * * to deprive the plaintiff of her rights to the real property”). It is a fair inference from the facts pleaded, apart from the characterization thereof, that the defendant-sister had wrongfully interfered with plaintiff’s rights by inducing the defendant-father “ to break that contract, to the injury of the other ” party thereto, namely, the plaintiff (Lamb v. Cheney & Son, 227 N. Y. 418,421). The" f di¡.r,essential elements in an action based on inducement'of breach, Namely, a contract, knowledge of same, the intentional procurement of its breach *428 and damages, are all found in the complaint (see Israel v. Wood Dolson Co., 1 N Y 2d 116,120).
It may also be fairly inferred from the alleged facts, including the alleged contribution of earnings and savings by plaintiff for the purchase of the property, that a trust had resulted. Regardless of whether the basic theory of the suit he breach of trust or breach or inducement of breach of contract (plaintiff appears to he unsure whether the defendant-father knowingly breached his obligation to “ convey ” the half interest to her), a cause of action is sufficiently set forth against all three defendants. The cases cited by defendants are distinguishable in that in none of them was there, as here, any allegation of interference with rights sought to be established either under trust or contract.
The objection that plaintiff’s claim is prematurely asserted is met by the latter’s charge that she suffered damages upon violation of her rights. Motion denied.