STATE ENTERPRISES, INC., Respondent, *v.* SOUTHRIDGE COOPERATIVE SECTION 1, INC., Defendant, and COINMACH INDUSTRIES CORP., Appellant.

First Department, March 26, 1963.

*Philip Mandel* of counsel (*Golden, Weinshienk, Rosenthal & Mandel,* attorneys), for appellant.

*Milton Brandon* of counsel (*Harry W. Davis,* attorney), for respondent.

*Per Curiam.* Defendant Coinmach Industries Corp. appeals from an order denying its motion for summary judgment pursuant to rule 113 of the Rules of Civil Practice, to dismiss the third cause of action in the complaint, pertaining to Coinmach. That cause of action, in substance, alleges that appellant wrongfully induced defendant Southridge Cooperative to breach its contract with plaintiff.

Both plaintiff and appellant are engaged in the business of providing laundry and drying machines for the laundry rooms of apartment houses under contracts with the owners or operators of such buildings. Plaintiff had entered into an agreement in September, 1958, with defendant Southridge wherein for a period of five years plaintiff was to supply laundry machines and dryers in Southridge's buildings. Plaintiff contends that, while that contract was in existence, appellant tampered with that contractual relationship and, by offering inducements to Southridge, prevailed upon Southridge to breach its contract with plaintiff and to enter into an agreement with appellant.

The law gives a cause of action for damages against " one who, having knowledge of any existing valid contract between others, intentionally, knowingly and without reasonable justification or excuse, induces one of the parties to the contract to breach it to the damage of the other party ". (*Hornstein* v. *Podwitz,* 254 N. Y. 443, 448; *Campbell* v. *Gates,* 236 N. Y. 457; *Lamb* v. *Cheney & Son,* 227 N. Y. 418; see, also, Carpenter, Interference With Contract Relations, 41 Harv. L. Rev. 728–768; 26 A. L. R. 2d 1227–1285.)

To establish such a cause, it would be sufficient for plaintiff to prove that Coinmach, with actual knowledge of the existence of the contract between plaintiff and Southridge, intentionally made an offer of better terms to Southridge with the intent of persuading Southridge to breach its contract with plaintiff. (*Gold Medal Farms* v. *Rutland County Co-op. Creamery,* 9 A D 2d 473, 479.)

The mere existence of a contract between plaintiff and Southridge would not, in itself, be enough to impose liability upon appellant, because, as a competitor of plaintiff, it entered into a contract with Southridge. But when there is knowledge of a contract, and a competitor takes an active part in persuading a party to the contract to breach it by offering better terms or

other incentives, there is an unjustifiable interference with the contract. (Prosser, Torts [2d], § 106, p. 728, 738; 1 Harper & James, Torts, § 6.13, p. 517.) A competitor may not justifiably seek new business by inducing prospective customers to breach their existing contracts with others.

Appellant maintains that there was a dispute between plaintiff and Southridge, that Southridge breached its contract with plaintiff and decided to terminate it, and that only then was appellant brought into the picture. Plaintiff avers that Coinmach "knew from the outset" of the agreement between plaintiff and Southridge and the latter's dissatisfaction with the provisions of the agreement regarding the division of the proceeds of the machines. Reference is made by plaintiff to the provisions of the contract between Southridge and Coinmach giving Southridge a larger percentage of the income than that stipulated in the contract with plaintiff.

Clearly there are triable issues as to whether appellant had knowledge of the contract between plaintiff and Southridge, and whether appellant actively and affirmatively took steps to induce the breach of its competitor's contract in order to secure an economic advantage for itself. As the record now stands, there is a factual issue as to whether appellant intruded upon the relationship between plaintff and Southridge to obtain a contract for itself. Plaintiff has demonstrated a prima facie case. Justification for appellant's action is a matter of affirmative defense. (*Mitchell* v. *Aldrich*, 122 Vt. 19.)

Appellant's motives and knowledge cannot be within plaintiff's personal knowledge. Negotiations between appellant and Southridge were not carried on in the presence of plaintiff. Knowledge and motives may have to be proven by indirect or circumstantial evidence. More light may be shown on those issues in the course of examinations before trial. For that reason, leave is granted to defendant-appellant, if it then seems advisable, to renew the motion for summary judgment upon completion of pretrial discovery procedures.

The order denying the appellant's motion should be affirmed, with costs to abide the event, with leave to appellant to renew its motion for summary judgment, if it is so advised, upon completion of pretrial discovery procedures.

BOTEIN, P. J., BREITEL, VALENTE, STEVENS and STEUER, JJ., concur.

Order, entered on December 11, 1962, unanimously affirmed, with costs to abide the event, and with leave to appellant to renew its motion for summary judgment, if it is so advised, upon completion of pretrial discovery procedures.