■ SEAMEN EQUIPMENT CO. INC., Appellant, v. OTIS ELEVATOR COMPANY et al., Respondents.— Appeal by plaintiff from three orders and three judgments of the Supreme Court, Kings County, as follows: (1) an order entered May 20, 1969 which granted a motion by defendant Universal Terminal & Stevedoring Corporation to dismiss, as to it, plaintiff's third cause of action upon the ground of insufficiency, and severed said cause as to said defendant, and a judgment entered May 23, 1969 in favor of said defendant, upon said order; (2) an order and a judgment which granted the same relief to defendants Golift Corporation and Donald J. Matthews, entered July 30, 1969 and August 4, 1969, respectively; and (3) an order and a judgment which granted the same relief to defendant Otis Elevator Company, entered September 17, 1969 and September 23, 1969, respectively. Orders and judgments affirmed, with separate bills of $10 costs and disbursements to respondents appearing separately and filing separate briefs. No opinion. Rabin, Acting P. J., Latham, Kleinfeld and Benjamin, JJ., concur; Munder, J., dissents in part and votes to affirm the order and the judgment entered upon the motion of defendant Otis Elevator Company and to reverse the orders and the judgments entered upon the motions of the other defendants and to deny their motions, with the following memorandum: On a motion to dismiss a cause of action for insufficiency under CPLR 3211 (subd. [a], par. 7), it is well settled that the allegations of the cause must not only be assumed to be true, but the pleader is entitled to the most favorable inference to be drawn therefrom. The pleadings will be liberally construed and, if upon *any* aspect of the facts stated in any particular cause plaintiff would be entitled to recovery, the motion should be denied as to that cause. Turning to the case at bar, as I read plaintiff's third cause of action, it proceeds on two theories, viz., that defendants unlawfully interfered with plaintiff's contractual rights and that they also interfered with plaintiff's reasonable economic expectancies. The cause alleges in substance that defendants entered into a conspiracy to bring about the cancellation of plaintiff's agreement with defendant Otis to be the latter's exclusive dealer in a certain assigned territory; that pursuant to the conspiracy and during the life of the agreement defendants performed certain acts, including the creation of defendant Golift Corporation, designed to prevent plaintiff from making sales pursuant to the agreement and to deprive plaintiff of commissions to which it was lawfully entitled; and that by reason thereof the agreement was wrongfully canceled and plaintiff suffered great injury to its reputation and goodwill, and was deprived of and lost customers, business and profits and the opportunity to service such customers, do such business and earn such profits, to

its damage and loss. Insofar as it seeks recovery against Otis for conspiring to interfere with the agreement, the third cause of action was properly dismissed, because Otis is a party to the agreement and the proper basis of recovery against it is under breach of contract (see *Bereswill* v. *Yablon,* 6 N Y 2d 301, 306). Plaintiff's first cause of action is so grounded and the sufficiency of that portion of the complaint is not challenged. Also, I find no basis for plaintiff's allegation that its agreement with Otis was " wrongfully cancelled ", because the record shows that the agreement permitted either party to terminate at any time upon 60-days notice and that Otis, in fact, complied with that requirement. However, it seems to me that the allegations noted above sufficiently spell out an unlawful interference by third parties with plaintiff's performance under its agreement with Otis, which, if proven at a trial, would entitle plaintiff to damages. " An unlawful interference with a person in the performance of his contract with a third party is just as much a legal wrong as is an unlawful inducement of a breach of that contract by the third party. It is not necessary that the wrongdoer be shown to be guilty of any actual malice or ill will; it is sufficient that the wrongdoer has intentionally committed the wrong without legal or social justification" (*Morris* v. *Blume,* 55 N. Y. S. 2d 196, 199 affd. 269 App. Div. 832; see *Campbell* v. *Gates,* 236 N. Y. 457, 460). Similarly, by showing its agreement with Otis, plaintiff showed, without anything else, that he had an " interest " which the law has historically protected, i.e., the interest in reasonable expectations of economic advantage. As one authority has stated, " This, of course, involves society's interest in affording to the individual a fair opportunity to conduct his legitimate business affairs without interruption from others except in so far as such interferences are sanctioned by the ' rules of the game ' which society has adopted " (1 Harper and James, Law of Torts, § 6.11, p. 510). These rules are generally described in terms of free enterprise and competition. A party to a contract has no right to be free from competition, but he does have a right to be free from malicious and wanton interference, disturbance and annoyance (1 Harper and James, op. cit. § 6.11, pp. 511–514). This in substance is what plaintiff's third cause of action alleged, that defendants *intentionally interfered* with the performance of its contract and by such interference deprived it of probable profits. Again, if proven, plaintiff should be permitted to recover these sums. It may be, of course, that the acts complained of are privileged as coming within the framework of competition. However, this should not be determined on a motion to dismiss for failure to state a cause of action.