■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v WILLIAM G. CURTIS, JR., Respondent. — Appeal from an order of the County Court of Ulster County (Vogt, J.), entered April 30, 1981, which granted a motion to dismiss the indictment. Defendant as indicted for a violation of section 4216 of the Public Health Law,* formerly known as "body stealing" (former Penal Law, § 2216). The minutes of the Grand Jury, before whom defendant testified after executing a waiver of immunity, disclosed the following circumstances. In the month of October, 1980, shortly before Halloween, several students from Saugerties High School gathered for a party at an apartment across the street from the Mountain View Cemetery in Saugerties. The cemetery was a favorite hangout and drinking spot. Accordingly, it was known by members of the group that one of the graves was partially collapsed and exposed to the elements. During the course of the party it was decided by defendant and several of his friends to visit the exposed grave. On arriving at the grave, defendant and his companions took turns reaching into the grave and deteriorated coffin. Defendant then removed the skull and brought it back to the apartment. At the apartment the skull was cleaned, a knife was placed in the jaw and paper placed in the eye sockets by other members of the group. The indictment charged that defendant "knowingly, intentionally and with malice and wantonness removed part of the dead body of a human being from a grave". Subsequently, defendant moved to dismiss the indictment on the ground that the evidence before the Grand Jury was legally insufficient. County Court granted this motion, finding that there was no evidence of the *mens rea* of wantonness or malice required by section 4216 of the Public Health Law. The instant appeal by the People ensued. The sole issue on appeal is whether there is evidence before the Grand Jury that defendant removed the skull with wantonness or malice as concededly required by section 4216 of the Public Health Law. Malice and wantonness are not included among the recognized culpable mental states designated in the revised Penal Law (see Penal Law, §§ 15.00, 15.05). Therefore, we must look to common-law definitions and the use and meaning of those terms in authorities decided prior to the adoption of the revised Penal Law. This reasoning is based in logic, since the particular statute under which defendant was indicted is found almost verbatim in the former Penal Law. *Lamb v Cheney & Son* (227 NY 418) instructs us that a malicious act is an intentional wrongful act committed without just cause or excuse. Other recognized legal authority adds that such an act does not necessarily include a malevolent purpose, but more of a mischievous intent and "a state of mind which shows a heart unmindful of social duty" from which wantonness and willfulness may be implied (22 CJS;

* Section 4216 of the Public Health Law provides that: "A person who removes the dead body of a human being, or any part thereof from a grave * * * without authority of law, with intent to sell the same, or for the purpose of dissection, or for the purpose of procuring a reward for the return of same, *or from malice or wantonness, is guilty* of a felony." (Emphasis added.)

Criminal Law, § 31[2], p 110). Black's Law Dictionary (5th ed) defines a wanton act as one done in reckless disregard of the rights of others, or willful and malicious. Finally, although under other circumstances, the words "maliciously" and "intentionally" have been held to have substantially the same meaning (*People ex rel. Evans v Denno,* 13 Misc 2d 177). Accordingly, after examining the evidence before the Grand Jury, and in particular the testimony of defendant, it is amply demonstrated that the requisite *mens rea,* or mental culpability, is present. Order reversed, on the law, indictment reinstated, and matter remitted to the County Court of Ulster County for further proceedings not inconsistent herewith. Kane, Main, Mikoll and Yesawich, Jr., JJ., concur.

Mahoney, P. J., dissents and votes to affirm for the reasons set forth in the decision of the Ulster County Court.