### STEARNS *v.* ST. LOUIS & S. F. RY. Co.

*(Supreme Court, General Term, First Department.* January 28, 1889.)

FRAUDS, STATUTE OF—AGREEMENTS RELATING TO LAND.

> A verbal agreement by the president and land commissioner of a railroad company, which has purchased the property of another company, including certain lands in Missouri, on which plaintiff had a written contract of purchase, that it would perform the contract as if originally made by it, is within the statute of frauds of Missouri, which provides that no action shall be brought on a contract for the sale of lands unless such agreement is in writing.[1]

Appeal from circuit court, New York county.

Action by Frank B. Stearns against the St. Louis & San Francisco Railway Company, to recover damages for breach of contract. The contract was originally made between the Atlantic & Pacific Railroad Company and four others, viz., Henderson, Ensign, Webb, and Moore, and by it the former agreed to sell to the latter certain lands in the state of Missouri, for a price agreed, upon certain payments to be made as set forth in a written memorandum of the contract. Time, by the terms of the agreement, was to be of the essence of the contract, and, in the event of a failure to make the payment, etc., as stipulated, the contract was to be void. The price of the whole property was $140,000, but it was agreed that upon prompt payment of all the sums a discount of $10,000 should be made. The benefit of this contract was assigned by Henderson and his associates to the plaintiff, and a contract was made, signed by plaintiff, and by the president and land commissioner of the Atlantic & Pacific Railroad Company. The property of said last-named company was sold at judicial sale, and purchased by defendant, who thus succeeded to all the rights of the Atlantic & Pacific Railroad Company. The same persons became, respectively, president and land commissioner of defendant that occupied said positions in the former company. Plaintiff alleged that the president of defendant agreed orally to perform the contract as if it had been made by defendant itself, and that he then informed the president that he had negotiated with parties who were willing to purchase the lands, and pay the cash for them, if defendant would approve the sale. To this the president assented, and, relying thereon, plaintiff, at great expense, took the persons mentioned to the lands in question, to be inspected by them; the result being that they were entirely satisfied, and agreed to purchase, and would have done so at a great profit to plaintiff, had not defendant refused to recognize the validity of the contract, and denied plaintiff's interest in the lands. The defense, among other things, was that of *res adjudicata;* there having been an action between the parties in Missouri involving the same matters. A trial was had, resulting in a judgment for defendant, which on appeal was reversed by the general term. Another trial resulted in a verdict and judgment for plaintiff for $12,570, and defendant appeals.

[1] As to what agreements relating to land are within the statute of frauds, see Watters v. McGuigan, (Wis.) 39 N. W. Rep. 382, and cases cited; Moorman v. Wood, (Ind.) 19 N. E. Rep. 739.

Argued before VAN BRUNT, P. J., and BRADY and MACOMBER, JJ.

*Burrill, Zabriskie & Burrill,* for appellant.  *James Dunne,* for respondent.

VAN BRUNT, P. J.    This case has been before the general term upon two previous occasions: *First,* upon an appeal from the judgment dismissing plaintiff's complaint; and, *secondly,* upon a motion for a reargument of that appeal.    41 Hun, 641, *mem.;* 42 Hun, 659, *mem.*    And we concede that the adjudications made by this court upon those appeals should control the decisions of the questions involved, so far as they may be applicable, although we might have arrived at a different conclusion had these questions been presented for the first time to this court.    It was distinctly held upon the appeal from the judgment rendered upon the first trial of this case that the judgment recovered in the state of Missouri against the plaintiff could not be set up as a bar to the case made by the complaint in this action.    Although it seems to be apparent that the adjudication in Missouri determined, as between these parties, that there had been a breach of his contract upon the part of the plaintiff, and that there had been no breach of its contract upon the part of the defendant, and that, therefore, the defendant in this action have had never refused to convey to the plaintiff or his assigns, and although under these circumstances it is not apparent from whence the right of the plaintiff arises to claim in this action that there had been upon the part of the defendant such a refusal to convey, we must be governed by the decision of this general term upon the previous appeal, that such judgment in Missouri was not a bar to the case made by the complaint in this action.    But I do not find that it has been adjudicated by this court upon these appeals, as is stated by Mr. Justice MACOMBER, that if the plaintiff succeeded in proving (by parol evidence) the allegations in the complaint there was no legal hinderance to his recovery.

Upon the motion for a reargument, the judgment of the general term upon the first appeal, in reference to the effect of the litigation in Missouri, was adhered to; and it was further decided that the original contract was a simple contract, capable of being modified by such an agreement as the plaintiff alleged in his complaint to have been made, and the adjudication to that effect was based upon the fact that the allegation in the complaint was that it had been agreed between the defendant corporation and the plaintiff, and that the use of this word "agreed," so employed in the pleadings, imported the making of a legal agreement, and that under this allegation the court was not at liberty to infer that it was nothing more than a verbal agreement, for the purpose of defeating on that inference the plaintiff's right of action.    But the court further held that this agreement related wholly to the sale of lands in the state of Missouri, and was not within the statute of frauds of this state; that it was there to be performed by a corporation created and existing under the laws of that state, and related to real property situated in that state; and that without evidence of the fact that a similar statute, relating to contracts for the sale of real property, existed in that state, to the statute existing upon this subject in the state of New York, the fact could not be presumed to be so; and the court further say that whether the plaintiff will be able to maintain this action must depend, not so much upon the state of the pleadings, as upon the proof which may be adduced in support of his allegations upon the trial.    This adjudication, therefore, left it open to the defendant to establish the fact that the second agreement, as it is called, fell within the statute of frauds of the state of Missouri, and was void.    It has been adjudicated by the last opinion to which attention has been called that this agreement related wholly to the sale of lands in Missouri, and that it was not within the statute of frauds of this state, because the statute of frauds of Missouri alone applied, if any such statute existed in that state.    It is further clearly intimated that if the statute of frauds in Missouri was similar to that in New York, then the agreement came within its terms, and was void.    Upon the trial it

was proved that this second agreement, which it was claimed formed the basis of the plaintiff's cause of action, was not in writing. It has been held by the general term that this agreement related wholly to the sale of lands in Missouri, and the statutes of the state of Missouri were put in evidence, which provided that no action should be brought to charge any person upon any contract for the sale of lands, tenements, hereditaments, or any interest in or concerning them, or any lease of them for a longer term than one year, unless such agreement is in writing. The claim upon this appeal that this new contract was simply one of brokerage is no more open to us for discussion than is the question as to whether the judgment obtained in Missouri is a bar to the maintenance of this action. Upon this state of facts, the court have held that this was a contract relating to the sale of lands in the state of Missouri; and that if the statute of frauds of the state of New York was to govern it would be within that statute, and that if the statutes of Missouri were similar to those existing in New York it came within the statutes of Missouri. The proof in the case showed that in this respect the statute of frauds of the state of Missouri was similar to that of New York, and consequently the agreement was within that statute, and could not be enforced. The judgment should be reversed, and a new trial ordered, with costs to appellant to abide event.

All concur; MACOMBER, J., in the result.