THATFORD SASH AND DOOR CORPORATION, Respondent, v. KINGSBORO MORTGAGE CORPORATION, Appellant.Motion for resettlement of order denied. The court orders a reargument on the question, "Is the verdict against the weight of the evidence?" The case is ordered placed at the foot of the February calendar. Present — Lazansky, P. J., Young, Carswell, Tompkins and Davis, JJ.

MEYER S. ALBERT, Respondent, v. PARKING STATIONS OF NEW YORK, INC., Appellant.— Judgment and order, in so far as it denies motion to set aside the verdict, reversed on the law, with costs, and complaint dismissed, with costs. In so far as it denies the motion for a new trial the order is unanimously affirmed, without costs. The plaintiff seeks to sustain this judgment upon the theory of novation, under the claim that the appellant assumed an original obligation. The contract involved the payment of back salary due to plaintiff from the original obligor and the continuance of plaintiff's employment for the period of more than one year beyond the time it is claimed that the defendant assumed the obligation. The action was brought against the original obligor upon the original contract and against the appellant upon the theory that it assumed the obligation. Plaintiff's motion to discontinue the action as against the original obligor was granted at the close of the entire case, and his motion to amend the complaint to allege novation was granted. This amendment, however, was but a characterization of the evidence. The defendant thereupon was permitted to plead the Statute of Frauds.█ The judgment must be reversed and the complaint dismissed, for the reason, first, that the transaction did not constitute a novation, since the original obligor was not released (Leggat v. Leggat, 79 App. Div. 141; Inman v. Burt Co., 124 id. 73; affd., 195 N. Y. 558; Rogers v. Thompson, 215 App. Div. 541; 20 R. C. L. 360), and, second, because the Statute of Frauds constitutes a complete defense to the new contract. (Tyler v. Windels, 186 App. Div. 698; affd., 227 N. Y. 589; Stearns v. St. Louis & S. F. Ry. Co., [Gen. Term, First Dept. 1889] 4 N. Y. Supp. 11.) Hagarty, Carswell and Scudder, JJ., concur; Lazansky, P. J., concurs in result; Davis, J., concurs on the first ground only.

DAVID BERGMAN and SAMUEL FELDMAN, Copartners Doing Business under the Firm Name and Style of WALLKILL VALLEY PANTS CO., Appellants, v. SCOTTISH UNION AND NATIONAL FIRE INSURANCE COMPANY, Respondent.— Order amending defendant's answer affirmed, with ten dollars costs and disbursements. No opinion. Lazansky, P. J., Kapper, Scudder, Tompkins and Davis, JJ., concur.

CITY OF NEW ROCHELLE, Respondent, v. LEOPOLD SEIDL and Others, Defendants, and FRANK STROBL and Others, Copartners, Doing Business under the Firm Name and Style of DOERING & KISTINGER, Appellants.— Orders unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Kapper, Hagarty, Carswell and Davis, JJ.

THE CITY OF NEW YORK, Appellant, v. CAULWAL CONSTRUCTION CO., INC., Respondent.— Judgment affirmed, with costs. No opinion. Young, Scudder and Tompkins, JJ., concur; Lazansky, P. J., and Kapper, J., dissent on the ground that a permit to do an illegal act does not give rise to any vested right.