David J. McBride, Plaintiff, *v.* Edward deC. Chisholm, etc., Defendants.

Supreme Court, Westchester County, March 31, 1932.

*Wallace & Wallace,* for the plaintiff.

*Edmund J. Fixman,* for the defendants.

Rogers, J. The defendant brokers, upon receipt of plaintiff's stock certificate from plaintiff's agent, the bank, immediately gave the bank credit for its equivalent in the new stock for which it was to be exchanged. When the bank was notified that the broker had credited its " long " account in City Service new stock with the amount of the new stock that plaintiff was entitled to receive, the broker thereby acknowledged the plaintiff's ownership in the stock and disclaimed any control over it, except as bailee. This notice was a declaration that the defendants held the stock as a fiduciary and not as owner. It was not necessary that the broker return the identical new certificate for which the old certificate was surrendered. One certificate is as good as another. As said in *Rogers*

v. *Thomson* (215 App. Div. 541, at p. 545) : " One share of stock is not different in kind or value from every other share of the same issue and company. They are unlike distinct articles of personal property which differ in kind and value, such as a horse, wagon or harness. The stock has no ear-mark which distinguishes one share from another, so as to give it any additional value or importance; like grain of a uniform quality, one bushel is of the same kind and value as another."

There was no conversion by the broker, inasmuch as he had on hand in his possession ready for delivery to his principal an amount of stock equal to that belonging to his principal. (*Horton* v. *Morgan,* 19 N. Y. 170; *Stewart* v. *Drake,* 46 id. 449; *Caswell* v. *Putnam,* 120 id. 153.) The situation is different from that in *Laverty* v. *Snethen* (68 N. Y. 522) where there was an unauthorized delivery by the defendant's agent of the plaintiff's property to a third person, so that the agent no longer held the plaintiff's property available to the plaintiff and the plaintiff's control over and dominion of it was lost. Here the plaintiff could have sold his stock at any time. Perhaps the brokers were negligent in not sending the bank the new certificate sooner. Evidently there was some mistake made by the broker in handling this transaction, but the case was not tried on the theory of negligence. The plaintiff elected to stand on conversion.

In any event, the plaintiff suffered no damages for he was at all times in a position to have executed through his agent, the bank, an order to the brokers to sell the stock at the market. The plaintiff testified that he did not desire to sell the stock. He finally received and accepted the new certificate of stock, and also the dividends that had been declared thereon during the period the stock was issued in the broker's name. The theory of the measure of damage in stock conversion actions, which in allowing an award equal to the difference in the market price of the stock between the time of the conversion and the highest price for which it sold within a reasonable time thereafter, assumes that the stock has been lost to the plaintiff at the time of the conversion and affords the owner a reasonable opportunity to repurchase on the market. Inasmuch as the plaintiff at all times could have sold his stock and did not desire to do so, such rule is inapplicable. For a time the plaintiff was not in a position to receive stockholders' notices, but no special damages have been shown in this connection.

Judgment may be entered dismissing the complaint, with costs.