SAUL TAVS, Appellant, *v.* MAURICE M. WYCKOFF and Others, Respondents.

First Department, June 22, 1937.

*Jacob J. Podell* of counsel [*Abraham Porter* with him on the brief; *Hays, Podell & Shulman*, attorneys], for the appellant.

*Irving D. Lipkowitz*, for the respondent Wyckoff Builders, Inc.

*Maxwell Wyckoff*, for the respondents Wyckoff Engineering Corporation and Maurice M. Wyckoff.

CALLAHAN, J. The complaint originally contained two causes of action. The second cause of action has been abandoned, as have all claims against Maurice M. Wyckoff. There remains on

this appeal solely the question as to whether plaintiff established a *prima facie* case against either of the corporate defendants, based on the first cause of action. This cause of action sets forth an alleged hiring of plaintiff by defendant Wyckoff Engineering Corporation (hereinafter called the engineering company) and an agreement by defendant Wyckoff Builders, Inc. (hereinafter called the building company), to assume this contract. A breach by both of the defendant corporations is alleged.

The evidence disclosed that in 1930 plaintiff, who had been in the general construction business for many years, was approached by Maurice M. Wyckoff, who was president of the engineering company, with the proposal that plaintiff endeavor to obtain government building contracts, estimate them and superintend the construction of work obtained. Plaintiff was to be paid seventy-five dollars a week plus twenty per cent of the profits as compensation for his services.

Plaintiff testified that he accepted this offer and figured many projects. He was unsuccessful in securing any contracts down to January, 1932, when he figured a government job for a surety company which job had been defaulted by another contractor. He testified that there were further conversations concerning his hiring about this date and an additional provision was agreed to that his $75 a week would amount to a minimum of $5,000 if this job was procured.

Subsequently, a contract was entered into between the defendant engineering company and the surety company for the construction of the buildings involved. The contract contained a provision that the engineering company would furnish a completion bond within a fixed time. It was unable to furnish this bond, and eventually arranged that the defendant building company, which had a better financial position and was able to furnish the bond, take over the contract. After this arrangement was completed, plaintiff was told by Wyckoff to consult with one Horowitz, president of the building company, as that company was going to take care of the contract. A conversation thereupon took place between Horowitz and plaintiff, the substance of which was that the building company would assume the contract for plaintiff's employment. Horowitz directed plaintiff to get ready the preliminary work and promised to send for plaintiff as soon as he was ready to start. A day or two later Horowitz advised plaintiff that, because of the objections of some of his partners, plaintiff's employment had been rejected and that they would only hire plaintiff on a weekly basis. A written contract on a weekly basis was tendered by the building company, but plaintiff refused to sign it.

There was ample evidence to establish, *prima facie*, that a contract of employment had been entered into between plaintiff and the engineering company, and that said company had breached the contract by rendering performance impossible because of its failure to furnish the completion bond.

The trial court dismissed the complaint as to the engineering company on the ground that the contract for hiring was unenforcible by reason of the application of the Statute of Frauds. It is conceded on this appeal that that statute has no application.

The engineering company seeks to affirm the dismissal of the complaint on two grounds: *First*, that its failure to furnish the completion bond did not constitute a breach of plaintiff's contract; and *second*, that the making of the assumption agreement with the building company constituted a novation and discharged the engineering company. We do not agree with either contention. The hiring of plaintiff to procure government building contracts amounted to a representation that the engineering company was qualified to accept such work. In any event, the engineering company actually executed a contract with the surety company, which provided that a completion bond was to be furnished. It thereby accepted the fruits of plaintiff's endeavors. Its inability to supply the bond prevented plaintiff from performing his part of the contract of hiring and made the engineering company liable in damages. (*Taylor* v. *Enoch Morgan's Sons Co.*, 124 N. Y. 184; *Stone* v. *Argersinger*, 32 App. Div. 208.)

The assumption agreement did not amount to a novation, as a matter of law. In order to have the new agreement constitute a novation it must appear that the parties intended to substitute the new hiring for the old. Plaintiff did not concede his assent to such a substitution. Plaintiff was one whose contract of employment had been breached and he was bound to accept new employment to reduce his damage. There was no proof in the record that established that any subsisting contract was extinguished.

The building company contends that the proof against it was insufficient because it failed to show a promise on its part to adopt the alleged employment contract. We think that there was sufficient in the case to show a hiring of the plaintiff by the defendant building company on the same terms as existed in respect to plaintiff's hiring by the engineering company, and that the proof established, at least *prima facie*, that the building company knew of the terms of the former hiring and agreed to employ plaintiff on the same basis.

The defendant building company further contends that there was no consideration for its promise to employ plaintiff. There were

mutual promises disclosed by the evidence which were sufficient to supply consideration. The other points raised need no discussion.

We think that the plaintiff established a *prima facie* case against both corporate defendants and that it was error to dismiss the complaint as to either of them.

The judgment should be reversed as to defendants Wyckoff Engineering Corporation and Wyckoff Builders, Inc., and a new trial ordered as to said defendants, with costs to the plaintiff to abide the event.

MARTIN, P. J., GLENNON and DORE, JJ., concur; COHN, J., dissents.

Judgment reversed as to the defendants Wyckoff Engineering Corporation and Wyckoff Builders, Inc., and a new trial ordered as to said defendants, with costs to the appellant to abide the event.