## VASSARDAKIS v. PARISH et al.

District Court, S. D. New York.
Jan. 27, 1941.

Russell C. MacFall, of New York City, for plaintiff.

I. Maurice Wormser and George Gordon Battle, both of New York City, for defendants.

GODDARD, District Judge.

■ Defendants have moved for dismissal of the "Second", "Third" and "Fourth" Counts of the plaintiff's amended complaint as failing to state a claim upon which relief can be granted; also for summary judgment upon each and all of the four counts alleged in the amended complaint. Defendants' motion to dismiss is made under Rule 12(b) (6) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c, which requires that such a motion shall be made before pleading if a further pleading is permitted. The defendants have filed answers to this amended complaint so this motion to dismiss must be denied. Kadylak v. O'Brien et al., D.C., 32 F.Supp. 281. However, as defendants have also moved for summary judgment it is necessary to pass upon the sufficiency of the causes of action pleaded and whether a triable issue of fact is raised.

■ In the "First" Count the plaintiff pleads a cause of action against the defendant Parish individually. The amended complaint alleges that on April 16, 1936 plaintiff orally agreed to work for Parish as long as Parish retained his various patents and certain foreign interests; compensation was to be fixed at the reasonable value of the services rendered; that at the request of Parish, plaintiff agreed to receive his compensation through the American Flange & Manufacturing Company, Inc. (hereinafter referred to as the corporation). Plaintiff further alleges refusal of defendant to continue to carry out the contract.

From reading the affidavits submitted it is obvious that the terms and conditions of this purported agreement between Parish and the plaintiff presents an issue for trial. Defendant asserts that because of plaintiff's contract of employment later signed with the corporation whereby plaintiff became bound to devote himself exclusively to the corporation's affairs, the oral agreement with Parish must be deemed to have been abandoned or merged into the latter agreement. This does not necessarily follow from the facts now before the court. In order to have a cancellation of the earlier agreement between Parish and plaintiff, it must be assented to by both parties. Tavs v. Wyckoff et al., 251 App.Div. 464, 466, 296 N.Y.S. 895. Plaintiff, in his opposing affidavit, states he never agreed with any one to rescind his oral agreement with Parish. Parish and the corporation are legally distinct and separate entities and plaintiff's

entering into a contract with the corporation cannot be held to be an abandonment or merger with plaintiff's contract with Parish even though his contract with the corporation called for his exclusive services. Inman v. Burt Co., 124 App.Div. 73, 75, 108 N.Y.S. 210; Reilly v. Barrett, 220 N.Y. 170, 115 N.E. 453.

Plaintiff could fulfill his contract with Parish, although the corporation might have a cause of action for breach of plaintiff's contract with it. However, plaintiff in his affidavit states that he continued to perform personal services for Parish with the knowledge and approval of the corporation's officers. This allegation is clearly inconsistent with defendants' theory of abandonment or merger of the prior contract with Parish and said allegation. Parish also contends that his contract with plaintiff was rescinded by plaintiff's contract with the corporation which recited that it cancelled all former agreements between the parties thereto, but this does not necessarily follow. For, as stated above, Parish is a distinct legal person apart from the corporation and these recitals are inoperative to rescind plaintiff's contract with Parish. Likewise the contention of the defendant Parish that due to the payment of plaintiff's salary by the corporation a novation is to be presumed, is unsound. Parish was not released except pro tanto as far as plaintiff's right to compensation was in fact satisfied. Albert v. Parking Stations of New York, Inc., 235 App.Div. 682, 255 N.Y.S. 266.

I think that the affidavits submitted herein disclose triable issues of fact as to the making of the oral agreements sued on and as to the agreement by plaintiff to said contract's cancellation. Therefore, defendants' motion for summary judgment as to this count is denied.

## The Second Count.

 The plaintiff alleges the execution of the above-mentioned contract with the corporation. Full compliance on plaintiff's part and wrongful repudiation on the part of the corporation is alleged. Defendant corporation asserts that under the provision of the contract it had the absolute and unconditional right to terminate the employment upon the giving of ninety days' notice. It alleges that such notice was given plaintiff on July 14, 1938 by Myers, General Manager of the corporation, and that therefor plaintiff's employment was validly terminated on October 31, 1940.

Plaintiff in his opposing affidavits admits receipt of this notice of cancellation, but asserts that it was later rescinded. He claims that the notice of termination was executed by Myers, General Manager of the corporation, who was without authority to so do; that Myers told plaintiff on August 1, 1938 to disregard the notices of cancellation (prior one dated July 11, 1938); that Parish, the President of the corporation who was away at the time and had no knowledge of Myers' notice of cancellation, told plaintiff upon his return, in the presence of Myers, to disregard the notices of cancellation and consider them withdrawn. Defendants deny these assertions of the plaintiff thereby creating a triable issue of fact. It is permissible for the parties to retract these notices by subsequent oral agreement. Martin v. Peyton, 246 N.Y. 213, 218, 158 N.E. 77.

Defendants set up an affirmative defense of illegality based upon allegations that the plaintiff was hired as a legal adviser, whereas plaintiff is not an attorney. The contract of employment with the corporation which is pleaded, states that plaintiff's duties consisted of acting as legal adviser and other assigned duties. Plaintiff in his affidavit asserts that defendants knew he was not an attorney and that his duties did not entail the performance of legal duties. This issue cannot be decided upon the affidavits submitted. In view of the above, defendants are not entitled to summary judgment on this count.

## The Third Count.

 Plaintiff alleges that Myers, with intent of gaining control of Parish and his business interests, represented to Parish that he, Myers, possessed supernatural powers and could work miraculous cures and as a consequence could successfully guide the destinies of Parish and his financial interests; that as part of this scheme Myers fraudulently induced Parish to believe that Myers had cured Parish of certain illnesses. Plaintiff further alleges that Myers secured the confidence, trust and control of Parish and thus secured the position as General Manager of the corporation on or about January, 1936; that in his position as General Manager Myers proceeded to secure the dismissal of plaintiff who was regarded by Myers as a stumbling block in his scheme to defraud Parish. Myers is charged with acting solely through spite, malice and vindictive-

ness and in pursuance of his scheme. He is charged by plaintiff with having slandered plaintiff's business ability to Parish, actuated solely by self-interest and not by a sense of duty to the corporation; that Myers' efforts in this direction culminated in the breach of plaintiff's contracts by Parish and by the corporation. Defendants deny the foregoing and seek the relief of summary judgment.

In respect to plaintiff's contract with Parish, the count pleads a good cause of action against Myers. Lurie v. New Amsterdam Casualty Co., 270 N.Y. 379, 1 N.E.2d 472. Motion for summary judgment as to this portion of the "Third" Count is denied.

As to the part of this count that concerns the breach of plaintiff's contract with the corporation, a different question arises. The New York State Courts have adopted the rule imposing liability for unlawfully inducing another to breach a contract. The origin of this doctrine and its application to contracts generally is found in Lumley v. Gye, 2 El. & Bl. 216, and Temperton v. Russell, 1 Q.B. 715; 62 L.J., Q.B. 412. In Hornstein v. Podwitz, 254 N.Y. 443, at page 448, 173 N.E. 674, at page 675, 84 A.L.R. 1, the court states, "The action is predicated on the intentional interference without justification with contractual rights, with knowledge thereof. Such interference constitutes a legal wrong, and, if damages result therefrom, a valid cause of action exists therefor."

See Lamb v. Cheney & Son, 227 N.Y. 418, 125 N.E. 817; Campbell v. Gates, 236 N.Y. 457, 141 N.E. 914; Lurie v. New Amsterdam Casualty Co., supra. However, counsel for Myers contends that Myers is immune from any personal liability for inducing the corporation to breach the contract by the mere fact that he was at the time an officer and director of the corporation, citing Greyhound Corporation v. Commercial Casualty Insurance Co., 259 App.Div. 317, 19 N.Y.S.2d 239; Hicks v. Haight, 171 Misc. 151, 11 N.Y.S.2d 912; Lukach v. Blair, 108 Misc. 20, 178 N.Y.S. 8, affirmed sum nom, Lukach v. Reigart, 192 App.Div. 957, 182 N.Y.S. 935; Naples v. Addie Co.,[1] Sup.Ct., N.Y.City Sp.Term, July 26, 1940.

It is undoubtedly true that an employee or officer of a corporation may have the right, and perhaps the duty, of inducing the corporation to breach a contract of the corporation with a third party if it appears to him to be for the best interests of the corporation to do so, as in the Greyhound case, supra.

I agree that an employee or officer of a corporation who, in good faith and believing it to be for the best interest of the corporation, seeks to have the corporation breach its contract with a third party, should be absolved from a suit of this character for the reason that his acts are not without justification. However, such employee or officer must in good faith be serving the interest of the corporation and with justification. The Hornstein case expressly makes lack of justification a condition precedent to liability, and in the Greyhound Corporation case the court notes that there is no allegation that the defendants "profited in any way by the alleged deceit upon their principal". 259 App.Div. at page 319, 19 N.Y.S.2d at page 241.

The cases cited by defendants are not analogous to the facts in the case at bar. Here, there is alleged a scheme by one of the corporation's employees to obtain ownership and control of the corporation by defrauding its President and sole stockholder, and a charge that Myers tried to gain this and by making false representations and slanderous statements, etc., to induce the corporation to dismiss another employee of the corporation. It is charged that the elimination of plaintiff was one step in a scheme by Myers to seize the corporation from its owner by fraud and deceit. I do not suggest that the charges can or will be proven, but should it turn out that way, it would be unconscionable to allow such a defendant to cloak himself with immunity merely because he was an employee or officer of the corporation. Whether or not Myers was acting with justification and in furtherance of the interests of the corporation and within the general scope of his authority or for personal wrongful motives ought to be determined by the evidence produced at a trial. Defendants' motion for summary judgment on the "Third" Count is therefore denied.

### The Fourth Count.

Plaintiff alleges that between January 1, 1938 and November 1, 1938

---

[1] No opinion for publication.

defendants, Myers, Fuqua, Gerstein and Parish, with knowledge of plaintiff's contractual rights with the corporation and with Parish, conspired to deprive plaintiff of the benefits thereof. Various acts in furtherance of the conspiracy are alleged by the plaintiff including, among others, opening plaintiff's mail, slandering his business reputation and ability, and destroying plaintiff's property without justification and actuated solely by malice against the plaintiff.

I think that this count states a cause of action. See cases cited under Count 3, supra; compare Sections 1433, 1436, N.Y. Penal Law. Furthermore, as in the "Third" Count, plaintiff alleges in his affidavit that the nature of his charges are such that most of the evidence is peculiarly within the knowledge of the alleged co-conspirators. Accordingly, defendants' motion for summary judgment on the "Fourth" Count should be denied. Rule 56(f), Federal Rules of Civil Procedure.

Motion to dismiss "Second", "Third" and "Fourth" counts denied. Motions for summary judgment as to each of the four counts are denied. Defendants' separate motion to vacate the notice to take deposition must also be denied.

Settle order on notice.