Dore, J.
The complaint alleges that plaintiff had an employment contract with a corporation, Federal Bazor Blade Company, entitling him to commissions on all export orders obtained by him for razor blades made by the company payable when the orders were accepted and shipped by the company; that defendant had full knowledge of the arrangement and as general manager was in sole charge of shipments made against export orders obtained by plaintiff; that in 1942, and 1943, plaintiff procured export orders for over twenty million blades *64 and the orders for such shipments were approved; that thereafter defendant, maliciously designing to interfere with plaintiff’s contract and deprive him of his commissions, wrongfully removed from the company’s warehouse nineteen million razor blades transported there for use in filling export orders, including orders obtained by plaintiff, and converted the nineteen million blades to his own use, disposing of them without the company’s knowledge and without accounting for the proceeds; that the inability of the company to make shipments on the export orders obtained by plaintiff was due entirely to defendant’s conversion for his own use of the nineteen million blades; and that in converting the blades and preventing their shipment on plaintiff’s export orders, defendant well knew that he was. preventing plaintiff from earning and receiving his commissions.
On trial, if plaintiff fails to establish the truth of these allegations, defendant may be completely vindicated and exonerated. But for the purpose of this appeal on a motion to dismiss the complaint for insufficiency appearing on the face thereof, the allegations of the complaint must be deemed to be true, every intendment and fair inference is in favor of the pleading, and if “ in any aspect upon the facts stated the plaintiff is entitled to a recovery, the motion should be denied.” (Dyer v. Broadway Central Bank, 252 N. Y. 430, 432-433.)
Applying that rule, we think the complaint sufficiently states a cause of action for malicious interference with plaintiff’s contract. The well-recognized and sensible rule that an officer of a corporation will not be held liable for interference with contracts of his own corporation is based on the assumption that the officer is acting as such in the course of his employment. But in converting corporate property to his own use, the officer clearly is not acting, as. such for the corporation but in his own interest against the corporation. Such action is a wrong to the corporation. But that is not all that plaintiff alleges. He also alleges that the predatory act was perpetrated with full knowledge of plaintiff’s contract, with the malicious design of interfering therewith, and was in fact the sole inducing cause of the corporation’s inability to fulfill plaintiff’s export orders. That alleges a wrong to plaintiff as well as to the corporation.
For such wrong, plaintiff has no right of action against the company, since by the terms of his contract his right to commissions accrued only if and when orders were approved and accepted, and it is alleged that by defendant’s malicious action and with the design and ulterior purpose of accomplishing that *65 result, the corporation never approved or accepted the orders. Accordingly, if this plaintiff has no cause of action against defendant, he is without remedy.
In Greyhound Corp. v. Commercial Casualty Ins. Co. (259 App. Div. 317), this court held that an officer of a corporation may not be held liable when he induces the corporation to violate a contractual obligation except in such cases “ as involve individual and separate torts on the part of an agent such as assault, trespass, fraud, conversion, etc.”. It is true we said that the wrong, if any, was against the principal, not the plaintiff in that action, but we also pointed out that there were no allegations in that ease that the defendants profited by the alleged deceit upon their principal. The question we answered in the negative was thus formulated in the court’s opinion: “ Is an agent who, acting generally within the scope of his authority, induces his principal to breach a contract, liable in damages to the other party to the contract?” (Italics mine.) A corporate officer engaged in converting corporate assets is not ” acting generally within the scope of his authority ”, and if his action wrongs not merely his principal but also a third party, the third party should be entitled to a remedy.
In Remy Beverages, Inc., v. Myer (269 App. Div. 1013), the first cause of action sustained by our affirmance alleged that the individual defendants took the contract for themselves for the ulterior purpose of destroying plaintiff’s business. On such allegations the cause of action was sustained.
In Bostelmann v. Rheinstein (268 App. Div. 1041, affd. 294 N. Y. 822), the defendant’s acts were performed as treasurer of the corporation and were, therefore, held to be justified and privileged; there was no charge that the defendant in that case stole the assets for if he had his acts could not have been justified or performed in his capacity as treasurer of the corporation.
The allegations in this complaint, that defendant maliciously interfered with plaintiff’s contract, are not merely general conclusory allegations of malice without factual support. Plaintiff alleges that defendant removed the nineteen million blades from the warehouse to which they had been transferred for use in filling export orders, including plaintiff’s, with the design of maliciously interfering with plaintiff’s contract and depriving him of his commissions from export orders he had already procured, and that this conversion was the sole cause of the company’s inability to fill plaintiff’s orders, although defendant falsely and fraudulently represented otherwise. These are allegations that defendant’s predatory acts were intentionally *66 directed against plaintiff to prevent him from earning $22,325, in commissions on orders already procured.
Intentional interference is an essential element of this type of action. From the decision in Lumley v. Gye (2 El. & Bl. 216) in 1853, “ malicious ” procurement was the basis of the action. Actual malice is not necessarily required but “ the intentional doing of a wrongful act without legal or social justification.” (Campbell v. Gates, 236 N. Y. 457,460.) As the Court of Appeals said in Hornstein v. Podwits (254 N. Y. 443, 448), “ The action is predicated on the intentional interference without justification with contractual rights, with knowledge thereof. Such' interference constitutes a legal wrong, and if damages result therefrom a.valid cause of action exists therefor.”.
This court has recently-held that unlawful intentional interference by the president of a corporation with a third person in performance of his contract with the corporation is a legal wrong, as is unlawful inducement of a breach of a contract. (Morris v. Blume, 55 N.Y. S. 2d 196, affd. 269 App. Div. 832 [First Dept., June, 1945].)
In Vassardakis v. Parish (36 F. Supp. 1002, 1005), the United States District Court for the Southern District of New York reviewed the New York cases wffh regard to the immunity of a corporate officer in inducing a breach of a third person’s contract with the corporation by commission of numerous tortious acts and properly concluded that “ it would be unconscionable to allow such a defendant to cloak himself with immunity merely because he was an employee or officer of the corporation.”
Discussing privilege in connection with the inducement of a third person not to perform a contract with another, the Bestatement of the Law of Torts (Vol. 4, § 766, comment b, p. 53) says: “ Where the defendant’s conduct is predatory the scale on his side may weigh very lightly, but where his conduct is not predatory it may weigh heavily. The issue is whether in the given circumstances his interest and the social interest in allowing the freedom claimed by him are sufficient to outweigh the harm that his conduct is designed to produce. In deciding this issue, the nature of his conduct is an important factor ”,
Under comment d of section 766 (p. 55), the Bestatement continues: “ The rule stated in this Section applies to any purposeful causation whether by inducement or otherwise. The essential thing is the purpose to cause the result. If the actor does not have this purpose, his conduct does not subject him to liability under this rule even if it has the unintended effect of deterring the third person from dealing with the other. It is not *67 necessary, however, that the purpose to cause the breach of contract or failure to deal be the actor’s sole or paramount purpose. It is sufficient that he designs this result * *
Whether plaintiff’s charges can be proved will be determined by the evidence adduced at trial. The complaint is sufficient and, accordingly, the order appealed from should be affirmed, with $20 costs and disbursements to the plaintiff.