■ SUNRISE GROUP, LTD., Appellant, v SALVATORE ZIZZA, Respondent. [673 NYS2d 667] —Order, Supreme Court, New York County (Charles Ramos, J.), entered March 28, 1997, which, *inter alia*, granted defendant's motion to amend his answer to include the defense of novation, and for summary judgment to dismiss the complaint upon that defense, unanimously modified, on the law, to deny the motion to amend and for summary judgment upon the added defense, but to grant defendant's motion for summary judgment on the alternate ground of cancellation and release, and otherwise affirmed, without costs. The Clerk is directed to enter judgment dismissing the complaint.

The payee of the promissory note in question could not effect a valid novation with defendant, the obligor, because a third-party bank had a perfected security interest in, and actual possession of, the original note, as well as an agreement precluding the payee from modifying or altering the terms of the note without the bank's prior written consent, which the payee never obtained (see, Rogers v Thomson, 215 App Div 541, 544). Nevertheless, the payee subsequently, with the bank's consent, released defendant from his obligations under the note, and thus there was a valid cancellation of the note, of which circumstance plaintiff, through its principal Ivan Dochter, was aware, due to Dochter's intimate involvement in securing that release and consent. Concur—Milonas, J. P., Wallach, Tom, Mazzarelli and Saxe, JJ.